# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. MORA GUTIERREZ,<br><br>    Plaintiff,<br>  v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, *a Delaware Limited Liability Company*, et al.,<br><br>    Defendants. | Case No. 1:25-cv-00476-JLT-SKO<br><br>**ORDER DENYING STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE**<br><br>(Doc. 16) |

## I.   INTRODUCTION

On January 8, 2026, the parties filed a request seeking Court approval of their stipulated protective order. (Doc. 16). The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted. For the reasons set forth below, the Court DENIES *without prejudice* the parties' request to approve the stipulated protective order.

## II.   DISCUSSION

**A.   The Protective Order Does Not Comply with Local Rule 141.1(c)**

The proposed protective order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

  (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

  (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

  (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information." The protective order, in its current form, does not comply with this requirement. (*See, e.g.*, Doc. 16 at 2 (defining "'CONFIDENTIAL' Information or Items" as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including materials that contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, which are, for competitive reasons, normally, kept confidential by the parties, as contemplated by Federal Rules of Civil Procedure 26(c)(1)(G).").

The protective order also fails to identify the parties' need for protection. As the parties do not present any *particularized* need for protection as to the identified categories of information to be protected, the protective order fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order."

Finally, the requirement of Local Rule 141.1(c)(3) is not addressed. In its current form, the protective order does not show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."

**B. The Parties' Stipulated Protective Order is Denied <u>Without</u> Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

### III.   CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for approval of the stipulated protective order, (Doc. 16), is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:   **January 8, 2026**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE